## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
: 
In re: : Chapter 11
: 
JER/JAMESON MEZZ : Case No. 11-13338 (MFW)
BORROWER II LLC, *et al.*,[1] :
: (Jointly Administered)
Debtors. :
: Ref. D.I. 9, 10 & 25
---------------------------------------------------------- X

## NOTICE OF SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* DIRECTED TO PMG

TO: Park Management Group, Inc.
Park Management Group, LLC
SSI PMG LLC
Attn: Michael D. Shea
4770 South Atlanta Road
Smyrna, Georgia 30080

c/o Douglas M. Foley
McGuire Woods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, as made applicable by Rules 7026, 7030, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, CDCF JIH Funding, LLC and ColFin JIH Funding, LLC (collectively, the "Colony JIH Lenders"), by and through their undersigned counsel, will take the deposition upon oral examination of PMG, as defined below, through Michael D. Shea, with respect to the subject matters set forth in the document requests listed on Schedule A annexed to the subpoena

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are JER/JAMESON MEZZ BORROWER II LLC (6522); JER/JAMESON MEZZ BORROWER I LLC (6488); JER/JAMESON PROPERTIES LLC (6426); JER/JAMESON NC PROPERTIES LP (8691); and

attached hereto, in connection with the following matters: (i) *Colony JIH Lenders' Emergency Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code, With Prejudice* [D.I. 9]; (ii) *Colony JIH Lenders' Emergency Motion for Entry of an Order Granting Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [D.I. 10]; and (iii) *Omnibus Objection of Debtor to Colony JIH Lenders' Emergency Motions for Entry of Orders (A) Dismissing the Debtor's Chapter 11 Case Pursuant to Section 1112(b) and/or 305(a) of the Bankruptcy Code, With Prejudice, and (B) Granting Relief from the Automatic Stay Pursuant to Sections 362(d) and (f) of the Bankruptcy Code* [D.I. 25].

The deposition shall commence at **9:30 A.M. (ET) ON NOVEMBER 10, 2011** at the law offices of **Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006.**[2] The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths. The deposition will be recorded by stenographic means and may also be recorded by sound and visual means.

**PLEASE TAKE FURTHER NOTICE** that PMG, as defined below, is requested to provide the documents listed on Schedule A annexed to the Subpoena attached hereto, so as to be received by counsel for the Colony JIH Lenders, Lindsee P. Granfield, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York, 10006, and John T. Dorsey, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, 1000 West Street, Wilmington, Delaware, 19801, by **NOVEMBER 7, 2011 AT 5:00 P.M. (ET)**.

---

JER/JAMESON GP LLC (6272). The Debtors' mailing address is 4770 S. Atlanta Road, Suite 200, Smyrna, Georgia 30080.

[2] Or at such other date, time and place mutually agreeable to the parties.

Dated: October 28, 2011  YOUNG CONAWAY STARGATT & TAYLOR, LLP

 */s/ Michael S. Neiburg*
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Margaret Whiteman-Greecher (No. 4652)
Patrick A. Jackson (No. 4976)
Michael S. Neiburg (No. 5275)
Justin H. Rucki (No. 5304)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-AND-

Lindsee P. Granfield, Esq.
Sean A. O'Neal, Esq.
Jane VanLare, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for CDCF JIH Funding, LLC*
*and ColFin JIH Funding, LLC*

3

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

SUBPOENA IN A CIVIL CASE

In re:

JER/Jameson Mezz Borrower II LLC, *et al.*

               Debtors.

-----------------------------------------------------------

Case No. 11-13338 (MFW)
(Jointly Administered)
(Bankr. D. Del.)
Chapter 11

To: **Michael D. Shea**
    **Park Management Group, Inc.**
    **Park Management Group, LLC**
    **4770 South Atlanta Road**
    **Smyrna, Georgia 30080**

    **c/o Douglas M. Foley**
    **McGuire Woods LLP**
    **World Trade Center**
    **101 West Main Street, Suite 9000**
    **Norfolk, Virginia 23510-1655**

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. <u>See</u> Schedule A attached hereto for list of intended topics.

| PLACE OF DEPOSITION | **Cleary Gottlieb Steen & Hamilton LLP**<br>**One Liberty Plaza**<br>**New York, New York 10006** | DATE AND TIME<br>**November 10, 2011 at 9:30 a.m. (ET)** |
|---|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents listed on the attached <u>Schedule A</u> at the place, date, and time specified below by electronic medium and transmission, overnight courier, or such other methods as the parties may direct.

| PLACE: **Cleary Gottlieb Steen & Hamilton LLP**<br>**One Liberty Plaza**<br>**New York, NY 10006** | DATE AND TIME **November 7, 2011 at 9:30 a.m. (ET)** |
|---|---|

YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |
| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) */s/ Michael S. Neiburg*<br><br>**Counsel to CDCF JIH Funding, LLC and ColFin JIH Funding, LLC** | Date: **October 28, 2011** |

Issuing Officer's Name, Address, and Phone Number

    **Michael S. Neiburg, Esq., Young Conaway Stargatt & Taylor, LLP, 1000 West Street, Wilmington, DE 19801**
    **(302) 576-3590**

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____    _____
                  DATE                                SIGNATURE OF SERVER

                                                                   ADDRESS OF SERVER

**(c) Protecting a Person Subject to a Subpoena.**
  **(1)** *Avoiding Undue Burden or Expense; Sanctions*. A part or attorney responsible for issues and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply.
  **(2)** *Command to Produce Materials or Permit Inspection.*
      **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written object to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
          **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
          **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required*. On timely motion, the issuing court must quash or modify a subpoena that –
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires;
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45©(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information.
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for that discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.*
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any other copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A non party's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(i).

# EXHIBIT A

# DEFINITIONS

A. "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the Discovery Requests which might otherwise be construed or interpreted to be outside the scope of the Discovery Requests.

B. "Chapter 11 Cases" shall mean the chapter 11 bankruptcy cases of each of the Debtors that are pending in the United States Bankruptcy Court for the District of Delaware and jointly administered under the caption *In re JER/Jameson Mezz Borrower II LLC* (Case No. 11-13338 (MFW)).

C. "Colony JIH Lenders" refers to ColFin JIH Funding, LLC together with CDCF JIH Funding, LLC and any of their respective affiliates, and all Persons acting on behalf of any of the foregoing.

D. "Communications" or "communications" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions or otherwise, was stated, written, recorded or in any manner transmitted or transferred, and is not limited to transfers between Persons, but includes other transfers, such as records and memoranda to the file.

E. "Concerning" or "concerning" shall mean relating to, referring to, in connection with, in respect of, describing, evidencing or constituting.

F. "Debtors" shall refer to JER/Jameson Mezz Borrower II LLC and the affiliates of JER/Jameson Mezz Borrower II LLC which filed chapter 11 cases in this Court bearing case numbers 11-13392(MFW), 11-13408(MFW), 11-13409(MFW) and 11-13407(MFW), and which

have been consolidated for procedural purposes only with JER/Jameson Mezz Borrower II LLC's chapter 11 case.

G. "Dismissal Motion" shall refer to the *Colony JIH Lenders' Emergency Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case Pursuant to Section 1112(b)and/or 305(a) of the Bankruptcy Code, With Prejudice* [D.I. 9] filed by the Colony JIH Lenders on October 21, 2011.

H. "Document" or "document" shall mean any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by means including, but not limited to electronic mail, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including but not limited to working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice mail, charts, notes, records or any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind. The term "document" includes email, data compilations, databases and other electronic documents, including all metadata associated with such documents, from which information can be obtained, and translated, if necessary, through detection devices in a reasonably usable form. All metadata must be preserved and email and other documents created or stored electronically must be produced in native format. In addition, if any document has been modified by the addition of

5

notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate "document."

I. "FF&E" means fixtures, furnishings and equipment.

J. "Hearing" shall refer to any evidentiary hearing on the Dismissal Motion and/or the Stay Relief Motion, as each may be adjourned, rescheduled or continued from time to time.

K. The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

L. "Person" shall refer to any individual, corporation, partnership, joint venture, association, governmental agency, or other entity.

M. "PMG" shall refer, individually and/or collectively, to Park Management Group, Inc.; Park Management Group, LLC; SSI PMG LLC; their affiliates and all Persons acting on behalf of any of the foregoing, including, without limitation, Michael D. Shea.

N. The terms "relate," "relate to," or "relating to" shall mean referring to, pertaining to, concerning, evidencing, supporting or constituting evidence of, representing, memorializing, summarizing, describing, discussing, analyzing, evaluating, directly or indirectly, or in whole or in part, the subject matter of a particular Discovery Request.

O. "Relevant Time Period" shall refer to the time period of January 1, 2011 through the date of Your responses to these Discovery Requests.

P. "Stay Relief Motion" shall refer to the *Colony JIH Lenders' Emergency Motion for Entry of an Order Granting Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [D.I. 10] filed by the Colony JIH Lenders on October 21, 2011.

Q. "You," "Your," or "Yours" shall mean PMG and former or current directors, officers, members, agents, employees, representatives, managing agents, accountants, attorneys, investigators or affiliates, and any agents, employees or representatives thereof.

**DOCUMENT REQUESTS**

Please produce the following:

REQUEST NO. 1.  All documents concerning the current legal organizational structure PMG, including, without limitation, the names of all directors, and direct or indirect owners of PMG and the names of all entities owned or under common ownership, directly or indirectly, with PMG.

REQUEST NO. 2.  All documents concerning the management and personnel structure of PMG, including, without limitation, the names and roles of officers and senior management of PMG.

REQUEST NO. 3.  All agreements, including, without limitation, amendments of agreements, including annexes, attachments, and/or exhibits to such agreements in Your possession, custody or control concerning licenses, property management and/or franchising arrangements concerning The Jameson Inn, The Jameson Inn and Suites, and/or Signature Inn branded hotels.

REQUEST NO. 4.  All documents concerning any royalties payable to, or invoiced to, PMG under any license, franchise or other agreement.

REQUEST NO. 5.  All financial statements, including, without limitation, all documents reflecting statements of profits and/or losses at PMG and any and all audits of any such statements concerning fiscal years 2006, 2007, 2008 and 2009.

REQUEST NO. 6.  All documents concerning property appraisals, environmental reports, property condition reports, Smith Travel reports, and/or guest satisfaction surveys concerning properties owned, directly or indirectly, by Debtors, for the period January 1, 2006 through the present.

REQUEST NO. 7. All financial statements concerning any of the Debtors (and their owners to the extent the financial statements are consolidated with such owners) on both an entity level and a property-level consolidated and consolidating basis, including, without limitation current and historical profit and loss statements, statements of cash flow and tax distributions, balance sheets (including most recent available) and audited financial statements for the years 2006, 2007, 2008 and 2009, monthly financial statements for 2010 and 2011 year to date, and any and all statements of change in financial position.

REQUEST NO. 8. All documents concerning accounts payable with respect to any of the Debtors or any of the properties owned, directly or indirectly, by Debtors, including lists of creditors and amounts owing.

REQUEST NO. 9. All documents concerning capital expenditures from and after January 1, 2000, including, without limitation, a breakdown of standard maintenance and FF&E spending for the properties owned, directly or indirectly, by Debtors, amount of cash contributed to FF&E reserves (specifying if and by how much the amount of annual FF&E maintenance costs actually spent differs) maintained for the properties owned, directly or indirectly, by Debtors, and capital expenditures related to major property improvements or renovations for the properties owned, directly or indirectly, by Debtors.

REQUEST NO. 10. All documents concerning capital expenditures from and after January 1, 2000 related to re-flagging Signature Inns to Jameson Inns (the "Conversion") for properties owned, directly or indirectly by Debtors, including, without limitation, any capital plans and other documents concerning the implementation of the Conversion, capital budgets and reconciliation statements and other documents evidencing actual expenditures made relating to the Conversion.

REQUEST NO. 11. All documents concerning any financial projections concerning the properties owned, directly or indirectly, by Debtors, including without limitation:

(a) the 2009, 2010, 2011 and 2012 projected and actual budgets,

(b) entity-level and property-level consolidated and consolidating profit and loss statements,

(c) any 5- year or other operating model with projections, including, without limitation, management fees, license fees, and other operating assumptions, pro forma profit and loss, balance sheet and cash flow statements, and capital expenditures, in each case on a property by property basis, and

(d) any 5 year or other capital plan, including without limitation, any benchmarks or timing for specific capital expenditures and related capital budgets

REQUEST NO. 12. All communications between PMG and the Debtors (including members of the board of directors or board of managers of the Debtors).

REQUEST NO. 13. All communications between PMG and Wells Fargo, N.A. or any of its affiliates, and all Persons acting on behalf of any of the foregoing, relating to any of the Debtors or any of the properties directly or indirectly owned by Debtors.

REQUEST NO. 14. All communication between PMG and AB US Rep Jameson I LLC or any of its respective affiliates, and all Persons acting on behalf of any of the foregoing, relating to any of the Debtors or any of the properties directly or indirectly owned by the Debtors.

REQUEST NO. 15. All communications between PMG and Gramercy Warehouse Funding I, LLC and Gramercy Loan Services LLC, or any of their respective affiliates, and all

Persons acting on behalf of any of the foregoing, relating to any of the Debtors or any of the properties directly or indirectly owned by the Debtors.

REQUEST NO. 16.   All communications between PMG and C-III Capital Partners LLC, C-III Investment Management LLC or any of their respective affiliates, and all Persons acting on behalf of any of the foregoing, relating to any of the Debtors or any of the properties directly or indirectly owned by the Debtors.

REQUEST NO. 17.   All documents provided to the Debtors in response to the Debtors' Subpoena to Park Management Group, LLC.