IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
                                                                             :

In re:                                                  :      Chapter 11

JER/JAMESON MEZZ                          :      Case No. 11-13338 (MFW)
BORROWER II LLC, *et al.*,[1]                   :
                                                         :      (Jointly Administered)
                               Debtors.          :
                                                         :      Ref. D.I. 9, 10 & 25
---------------------------------------------------------- X

## NOTICE OF 30(b)(6) DEPOSITION
## DIRECTED TO THE DEBTORS

TO:     Laura Davis Jones, Esq.
          Pachulski Stang Ziehl & Jones LLP
          919 North Market Street
          17th Floor
          Wilmington, Delaware 19801

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, CDCF JIH Funding, LLC and ColFin JIH Funding, LLC (collectively, the "Colony JIH Lenders") will take the deposition upon oral examination of such person or persons designated by JER/Jameson Mezz Borrower II LLC (the "Debtor"), regarding the subject matters set forth in the attached Schedule A, in connection with the Dismissal Motion [D.I. 9] and the Stay Relief Motion [D.I. 10] (as each are defined below).

The deposition shall commence at **9:30 (ET) on November 9, 2011** at the offices of **Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006**.[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are JER/JAMESON MEZZ BORROWER II LLC (6522); JER/JAMESON MEZZ BORROWER I LLC (6488); JER/JAMESON PROPERTIES LLC (6426); JER/JAMESON NC PROPERTIES LP (8691); and JER/JAMESON GP LLC (6272). The Debtors' mailing address is 4770 S. Atlanta Road, Suite 200, Smyrna, Georgia 30080.

The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths. The deposition will be recorded by stenographic means and may also be recorded by sound and visual means.

Dated: October 28, 2011   YOUNG CONAWAY STARGATT & TAYLOR, LLP

       */s/ Michael S. Neiburg*
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Margaret Whiteman Greecher (No. 4652)
Patrick A. Jackson (No. 4976)
Michael S. Neiburg (No. 5275)
Justin H. Rucki (No. 5304)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-AND-

Lindsee P. Granfield, Esq.
Sean A. O'Neal, Esq.
Boaz S. Morag, Esq.
Jane VanLare, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for CDCF JIH Funding, LLC
and ColFin JIH Funding, LLC*

---

[2] Or at such other date, time and place mutually agreeable to the parties.

# SCHEDULE A

# DEFINITIONS

A. "Board" shall refer, individually and/or collectively, to the Board of Directors or other governing body of any of the Debtors and to any persons who purport to be directors of the Debtors.

B. "Borrowers" shall refer, individually and/or collectively, to JER/Jameson Mezz Borrower I LLC (the "First Mezz Borrower"), JER/Jameson Mezz Borrower II LLC (the "Second Mezz Borrower"), JER/Jameson Mezz Borrower III LLC (the "Third Mezz Borrower"), JER/Jameson Mezz Borrower IV LLC (the "Fourth Mezz Borrower") and the Mortgage Borrowers, and all Persons acting on behalf of any of the foregoing.

C. "C-III" shall refer, individually and/or collectively, to C-III Capital Partners LLC, C-III Investment Management LLC and any of their respective affiliates, and all Persons acting on behalf of any of the foregoing.

D. "Chapter 11 Cases" shall mean the chapter 11 bankruptcy cases of each of the Debtors that are pending in the United States Bankruptcy Court for the District of Delaware and jointly administered under the caption *In re JER/Jameson Mezz Borrower II LLC* (Case No. 11‐13338 (MFW)).

E. "Colony JIH Lenders" refers to ColFin JIH Funding, LLC together with CDCF JIH Funding, LLC and any of their respective affiliates, and all Persons acting on behalf of any of the foregoing.

F. "Communications" or "communications" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions or otherwise, was stated, written, recorded or in any manner transmitted or

transferred, and is not limited to transfers between Persons, but includes other transfers, such as records and memoranda to the file.

G. "Concerning" or "concerning" shall mean relating to, referring to, in connection with, in respect of, describing, evidencing or constituting.

H. "Debtors" shall refer to Second Mezz Borrower and the affiliates of the Second Mezz Borrower which filed chapter 11 cases in this Court bearing case numbers 11-13392(MFW), 11-13408(MFW), 11-13409(MFW) and 11-13407(MFW) (together with the Second Mezz Borrower, the "Debtors"), and which have been consolidated for procedural purposes only with the Second Mezz Borrower's chapter 11 case.

I. "Dismissal Motion" shall refer to the *JIH Lenders' Emergency Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case Pursuant to Section 1112(b)and/or 305(a) of the Bankruptcy Code, With Prejudice* [D.I. 9] filed by the Colony JIH Lenders on October 21, 2011.

J. "Document" or "document" shall mean any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by means including, but not limited to electronic mail, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including but not limited to working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice mail, charts, notes, records or any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk,

computer printout, computer card, and all other writings and recordings of any kind. The term "document" includes email, data compilations, databases and other electronic documents, including all metadata associated with such documents, from which information can be obtained, and translated, if necessary, through detection devices in a reasonably usable form. All metadata must be preserved and email and other documents created or stored electronically must be produced in native format. In addition, if any document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate "document."

K. "First Mezz Loan" shall refer to the first mezzanine loan in the original principal amount of $40 million (currently held by the Colony JIH Lenders) that was purchased from AB US REP Jameson I LLC.

L. "First and Second Mezz Lenders" shall refer, individually and/or collectively, to the Colony JIH Lenders, as holders of the First Mezz Loan and Second Mezz Loan (and any predecessors in interest with respect to these loans including AB US REP Jameson I LLC), and all Persons acting on behalf of any of the foregoing.

M. "Fourth Mezz Loan" shall refer to the fourth mezzanine loan in the original principal amount of $40 million that was provided to the Fourth Mezz Borrower, of which Gramercy holds a controlling participation interest.

N. "Gramercy" shall refer, individually and/or collectively, to Gramercy Warehouse Funding I, LLC, Gramercy Loan Services LLC, any of their respective affiliates, and all Persons acting on behalf of any of the foregoing.

O. "Hearing" refers to any evidentiary hearing on the Dismissal Motion and/or the Stay Relief Motion, as each may be adjourned, rescheduled or continued from time to time.

5

P. "Houlihan" shall refer, individually and/or collectively, to Houlihan Lokey Capital Inc. and its affiliates, and all Persons acting on behalf of any of the foregoing.

Q. The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

R. "Loans" shall refer, collectively, to the First Mezz Loan, the Second Mezz Loan, the Third Mezz Loan, the Fourth Mezz Loan and the Mortgage Loan.

S. "Mezz Loans" shall refer, individually and/or collectively, to the First Mezz Loan, the Second Mezz Loan, the Third Mezz Loan and the Fourth Mezz Loan.

T. "Mortgage Borrowers" shall refer, individually and/or collectively, to JER/Jameson NC Properties LP and JER/Jameson Properties, LLC, and all Persons acting on their behalf.

U. "Mortgage Loan" shall refer to senior mortgage loan in the original principal amount of $175 million provided to the Mortgage Borrowers, which is currently serviced by Wells Fargo.

V. "OpCo" shall refer to JER/Jameson NC Properties LP, and all Persons acting on its behalf.

W. "Person" shall refer to any individual, corporation, partnership, joint venture, association, governmental agency, or other entity.

X. "PMG" shall refer, individually and/or collectively, to Park Management Group, Inc.; Park Management Group, LLC; SSI PMG LLC; their affiliates and all Persons acting on behalf of any of the foregoing, including, without limitation, Michael D. Shea.

Y. The terms "relate," "relate to," or "relating to" shall mean referring to, pertaining to, concerning, evidencing, supporting or constituting evidence of, representing, memorializing,

summarizing, describing, discussing, analyzing, evaluating, directly or indirectly, or in whole or in part, the subject matter of a particular Topic.

Z. "Relevant Time Period" shall refer to the time period of January 1, 2011 through the date of the Hearing.

AA. "Restructuring" shall mean any transaction or series of transactions that constitute a recapitalization or restructuring of the equity and/or debt obligations or liabilities of any of the Debtors including, without limitation, the Mortgage Loan, First Mezz Loan, Second Mezz Loan, Third Mezz Loan and Fourth Mezz Loan, which recapitalization or restructuring is effected pursuant to an exchange transaction, tender offer, a plan of reorganization or liquidation, solicitation of consents, waivers, acceptances or authorizations, any change of control transaction, any refinancing, sale, acquisition, merger, repurchase, exchange, conversion to equity, cancellation, forgiveness, retirement and/or a modification or amendment to the terms, conditions, or covenants of any agreements or instruments governing any of the equity and/or debt of any of the Debtors.

BB. "Sale" shall mean any sale of all or substantially all or any material portion of the assets of any of the Debtors.

CC. "Second Mezz Loan" shall refer to the second mezzanine loan in the original principal amount of $40 million that was provided to the Second Mezz Borrower by the Colony JIH Lenders.

DD. "Stay Relief Motion" shall refer to the *Colony JIH Lenders' Emergency Motion for Entry of an Order Granting Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [D.I. 10] filed by the Colony JIH Lenders on October 21, 2011.

7

EE. "Third Mezz Loan" shall refer to the third mezzanine loan in the original principal amount of $40 million that was provided to the Third Mezz Borrower, of which Gramercy holds a controlling participation interest.

FF. "Third and Fourth Mezz Lenders" shall refer, individually and/or collectively, to the holders of the Third Mezz Loan and Fourth Mezz Loan (including Gramercy and any parties holding any minority or non-controlling interest in these loans), and all Persons acting on their behalf.

GG. "Wells Fargo" shall refer to Wells Fargo Bank, N.A., in its capacity as Special Servicer of the Mortgage Loan, any of its affiliates, and all Persons acting on behalf of any of the foregoing.

HH. "You," "Your," or "Yours" shall mean the Debtors and former or current directors, officers, members, agents, employees, representatives, managing agents, accountants, attorneys, investigators or affiliates, and any agents, employees or representatives thereof.

## TOPICS

1. All facts, circumstances, discussions, plans or strategies concerning any planned, anticipated or prospective Restructuring of any of the Debtors.

2. All facts, circumstances, discussions, plans or strategies concerning any anticipated, declared or actual default by any of the Borrowers under any Loan.

3. All facts, circumstances, discussions, plans or strategies concerning any planned, anticipated or prospective Sale.

4. All facts, circumstances, discussions, plans or strategies concerning any planned, anticipated or prospective foreclosure proceeding with regard to the Second Mezz Borrower and/or the Mortgage Borrowers.

5. Discussions and communications internally or with any other party concerning professionals engaged by any of the Debtors.

6. Discussions and communications internally or with any other party concerning any loans, or any other borrowing transaction (other than the Loans), that any of the Debtors has entered into or is attempting to consummate.

7. All documents concerning any debtor-in-possession financing for any of the Debtors, including, without limitation, the sources and terms thereof.

8. All documents concerning the funding of the professional fees and expenses related to any of the Chapter 11 Cases, including, without limitation, the sources and terms thereof.

9. Invoices received by the Debtors.

10. The number and identity of the creditors of each of the Debtors.

11. The value of the assets and liabilities of each of the Debtors.

12. All facts, circumstances, discussions and communications internally or with any other party concerning any analysis, appraisal or valuation of the nature, extent and/or value of the assets of any of the Borrowers since January 1, 2009.

13. Communications and discussions between any of the Debtors and its respective former or current Board members.

14. All facts, circumstances, discussions and communications internally or with any other party concerning the replacement of any of the Debtors' former non-independent directors or managers with James L. Gregory.

15. All facts, circumstances, discussions and communications internally or with any other party concerning the replacement of Mortgage Borrowers' former non-independent directors with James L. Gregory and Marc A. Beilinson.

16. All facts, circumstances, discussions and communications internally or with any other party concerning the replacement of one of the Second Mezz Borrower's former independent directors with Michelle A. Dreyer.

17. All facts, circumstances, discussions and communications internally or with any other party concerning the replacement of one of the First Mezz Borrower's former independent directors with Andrea Unterbeger Tinianow.

18. All facts and circumstances relating to the appointment, terms of compensation, and indemnification of James L. Gregory and/or Marc A. Beilinson by any of the Debtors.

19. The relationship between James L. Gregory and Gramercy, including but not limited to any agreements concerning or arrangements by which James L. Gregory has received, or may be entitled to receive, any compensation – monetary or otherwise – from or at the direction of Gramercy.

20. Communications between, on the one hand, any of the Debtors, and on the other hand, any of the other Borrowers, Gramercy, Wells Fargo, PMG, C-III, Houlihan, any third-party managers or franchisors other than PMG, and any professionals other than Houlihan.any of the Debtors and any other Borrower.

21. The collection, review and preparation of documents produced by the Debtors in response to the Colony JIH Lenders' First Set of Requests for Production of Documents Directed to the Debtors in connection with the Dismissal Motion and the Stay Relief Motion.