IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
JER/Jameson Mezz Borrower II LLC, et al.[1]                      : Case No. 11-13338 (MFW)
                                                                 : (Jointly Administered)
                    Debtors.                                     :
                                                                 : Objection Deadline: November 29, 2011 at
                                                                 : 4:00 p.m. (EST)
                                                                 : Hearing Date: December 6, 2011 at 11:30
                                                                 : a.m. (EST)
---------------------------------------------------------------- x

## COLONY JIH LENDERS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE COLONY JIH LENDERS TO FILE UNDER SEAL THEIR PRETRIAL BRIEF AND EXPERT REPORT IN SUPPORT OF THEIR MOTIONS TO DISMISS THE CHAPTER 11 CASE OF JER/JAMESON MEZZ BORROWER II LLC AND FOR RELIEF FROM THE AUTOMATIC STAY, AND (II) GRANTING RELATED RELIEF

CDCF JIH Funding, LLC, together with ColFin JIH Funding, LLC (collectively, the "Colony JIH Lenders"), hereby move this Court (the "Seal Motion") for entry of an order (i) authorizing the Colony JIH Lenders to file under seal the unredacted version of their *Pre-Hearing Brief in Further Support of their Motions (I) to Dismiss the Second Mezz Borrower's Chapter 11 Case Pursuant to Section 1112(b) and/or 305(a) of the Bankruptcy Code, with Prejudice and (II) for Relief from the Automatic Stay Pursuant to Sections 362(d) and (f) of the Bankruptcy Code* (the "Pretrial Brief") and related expert report (the "Expert Report") and (ii) to the extent necessary, enlarging the time period under the Scheduling Order (as hereinafter defined) for filing the Pretrial Brief so as to permit the Colony JIH Lenders to file a redacted version on or before 12:00 p.m. (ET) on November 21, 2011. In further support of this Seal Motion, the Colony JIH Lenders respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: JER/Jameson Mezz Borrower II LLC (6522); JER/Jameson Mezz Borrower I LLC (6488); JER/Jameson Properties LLC (6426); JER/Jameson NC Properties LP (8691); and JER/Jameson GP LLC (6272). Each Debtor's mailing address is 4770 S. Atlanta Road, Suite 200, Smyrna, Georgia 30080.

1

## JURISDICTION

1.  This Court has jurisdiction over this Seal Motion pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Seal Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  The statutory predicates for the relief requested herein are §§ 105(a) and 107(b) of title 11 of chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3.  On October 18, 2011, JER/Jameson Mezz Borrower II LLC (the "Second Mezz Borrower") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

4.  On October 21, 2011, the Colony JIH Lenders filed emergency motions to dismiss the bankruptcy case of the Second Mezz Borrower [D.I. 9] (the "Motion to Dismiss") and for relief from the automatic stay [D.I. 10] (the "Stay Relief Motion" and together with the Motion to Dismiss, the "Emergency Motions"). This Court granted shortened notice with respect to the Emergency Motions because, among other things, a foreclosure auction of certain of the assets belonging to JER/Jameson NC Properties LP and/or JER/Jameson Properties LLC (collectively, the "Mortgage Borrowers") was scheduled for November 1, 2011, and such foreclosure threatened the value of the Colony JIH Lenders' collateral with respect to the Second Mezz Borrower.

5. On October 25, 2011 – the day before the Emergency Motions were to be considered by this Court – JER/Jameson Mezz Borrower I LLC ("First Mezz Borrower") commenced its own bankruptcy case (Case No. 11-13392).

6. On October 26, 2011, a few hours before the Emergency Motions were to be considered by this Court, the Mortgage Borrowers filed for bankruptcy relief.

7. Because the filing of the Mortgage Borrowers stayed the November 1 foreclosure auction of the Mortgage Borrower's assets, the Colony JIH Lenders withdrew their request for emergency relief, but continued the Emergency Motions pursuant to regular notice.

8. On November 1, 2011, the Court entered a scheduling order [D.I. 113] (the "Scheduling Order") setting the Emergency Motions for hearing on November 22, 2011, and establishing certain deadlines relating to discovery and briefing. Pursuant to the Scheduling Order, the Pretrial Brief and Expert Report must be filed with the Court by 5:00 p.m. on November 18, 2011, subject to extension by agreement of the parties or by Order of this Court upon motion "for good cause shown." (Sched. Ord. ¶¶ 10-11.)

9. Certain of the documents produced and deposition testimony provided during discovery on the Emergency Motions was produced or provided on a confidential basis pursuant to confidentiality agreements among the parties. While the Colony JIH Lenders reserve rights as to whether particular documents or testimony is in fact confidential, the Colony JIH Lenders have agreed that, based upon the confidentiality designations of the other parties, the Colony JIH Lenders would take appropriate steps to avoid public disclosure of the designated material (the "Designated Information"). The Pretrial Brief references Designated Information throughout and, in light of the timing of discovery (which has continued on a rolling basis with respect to documents, with depositions concluding approximately 24 hours prior to the deadline

to file the Pretrial Brief), the Colony JIH Lenders do not have sufficient time to properly redact the Pretrial Brief for filing on the public docket before the deadline in the Scheduling Order.

### RELIEF REQUESTED

10. By this Seal Motion, the Colony JIH Lenders seek the entry of an order pursuant to §§ 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b) (i) authorizing the Colony JIH Lenders to file an unredacted copy of the Pretrial Brief and the Expert Report under seal and (ii) to the extent necessary, enlarging the deadline under the Scheduling Order for filing the Pretrial Brief so as to permit the filing of a redacted version of the Pretrial Brief prior to 12:00 p.m. (ET) on November 21, 2011.

### BASIS FOR RELIEF REQUESTED

11. Section 107(b) of the Bankruptcy Code provides, in pertinent part, that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1). Section 105(a) of the Bankruptcy Code provides that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of th[e Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9018 provides that, on motion or *sua sponte*, the bankruptcy court "may make any order which justice requires [] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

12. "Commercial information" has been defined to include any information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of" the entity to be protected. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (citing *In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)). Under § 107(b) of the Bankruptcy Code, courts have entered orders limiting access to filed documents where

parties have demonstrated good cause. *See, e.g., In re Epic Assoc. V.*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985); *In re Nunn*, 49 B.R. 963, 964-65 (Bankr. E.D. Va. 1985). Courts may deny access to judicial documents when open inspection may be used as a vehicle for an improper purpose. *Orion Pictures*, 21 F.3d at 27 (citing *Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 597 (1978)).

13. There is good cause to seal the Expert Report and other matters related to valuation of the Colony JIH Lenders' collateral, because it provides non-public commercial information that, if filed on the public docket, would provide an unfair advantage to competitors in the industry. In addition, there are a number of confidentiality undertakings by the parties which need to be carefully worked through. In light of the Pretrial Brief's thorough discussion of the Expert Report and other Designated Information, there is also good cause to seal the Pretrial Brief.

14. Recognizing that certain portions of the Pretrial Brief (e.g., general background and certain legal arguments) do not raise the confidentiality concerns protected by § 107(b) of the Bankruptcy Code, the Colony JIH Lenders propose to file a redacted version of the Pretrial Brief on the public docket. However, given the short time between the close of discovery and the deadline for filing the Pretrial Brief, the Colony JIH Lenders will not be able to properly redact the Pretrial Brief prior to the November 18, 2011, filing deadline. Accordingly, the Colony JIH Lenders submit there is also good cause to extend the filing deadline under the Scheduling Order (to the extent applicable to the redacted Pretrial Brief) to permit the redacted Pretrial Brief to be filed by noon on November 21, 2011. The delay in filing the redacted Pretrial Brief should not prejudice any party in interest to the Emergency Motions because the Debtors and the United States Trustee (as well as the Court) will be receiving unredacted versions of the Pretrial Brief on or before the original filing deadline.

## NOTICE

15. Notice of this Seal Motion has been provided to the following parties: (i) the Office of the United States Trustee, (ii) the Debtors, and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Colony JIH Lenders submit that no other or further notice is required under the circumstances.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, the Colony JIH Lenders respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the Motion and awarding the Colony JIH Lenders such other and further relief as is just and proper.

Dated:  Wilmington, Delaware
        November 18, 2011

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                */s/ Pauline K. Morgan*
                Pauline K. Morgan (No. 3650)
                John T. Dorsey (No. 2988)
                Margaret Whiteman Greecher (No. 4652)
                Patrick A. Jackson (No. 4976)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware 19801
                Telephone: (302) 571-6600
                Facsimile: (302) 571-1253

                -and-

                CLEARY GOTTLIEB STEEN & HAMILTON LLP
                Lindsee P. Granfield, Esq.
                Sean A. O'Neal, Esq.
                Jane VanLare, Esq.
                One Liberty Plaza
                New York, New York 10006
                Telephone: (212) 225-2000
                Facsimile: (212) 225-3999

                *Attorneys for the Colony JIH Lenders*